NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JOSE GARCIA, Individually and as                )
Administrator and Administrator Ad              )
Prosequendum of the Estate of ANDREW            )
GARCIA, Deceased, and CRUZ                      )        Hon. Harold A. Ackerman
ALVARADO, Individually,                         )
                                                )        Civil Action No. 06-2136 (HAA)
                          Plaintiffs,           )
                                                )        **OPINION AND ORDER**
        v.                                      )
                                                )
UNITED STATES OF AMERICA, and                   )
JOHN DOES 1-5 (fictitious names, true           )
names being unknown),                           )
                          Defendants.           )
_____)

Timothy L. Barnes, Esq.
BARNES & BARNES
186 Main Street
Chatham, NJ 07928
*Attorneys for Plaintiffs*

Christopher J. Christie, Esq.
James B. Clark III, Esq.
UNITED STATES ATTORNEY'S OFFICE
970 Broad Street
Newark, NJ 07102
*Attorneys for Defendants*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on the United States of America's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs filed this medical malpractice action in the Superior Court of New Jersey, Law Division, Hudson County, in February 2006. The Complaint alleges that initial defendant Dr.

Richard Ignatius and unnamed others provided negligent care at Palisades Medical Center to Plaintiff Cruz Alvarado.  Ms. Alvarado allegedly gave birth to her son Andrew Garcia on February 24, 2004, under the care of Dr. Ignatius and others.  Plaintiffs claim that the malpractice resulted in injuries including Andrew's death on March 2, 2004.

The United States ("Government") removed this case to the District of New Jersey because Dr. Ignatius provided treatment as an employee of the North Hudson Community Action Corporation ("North Hudson") at one of its health centers.  North Hudson is a certified federally supported health center, and therefore Dr. Ignatius and others at North Hudson are deemed to be employees of the United States pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 (g)-(n).  (*See* Steele Certif.)  As such, Dr. Ignatius and other employees of North Hudson are covered by the Federal Tort Claims Act ("FTCA") and have malpractice coverage under that statute.  The United States has been substituted as a Defendant in place of Dr. Ignatius pursuant to 28 U.S.C. § 2679.

A claim may not be brought under the FTCA against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  The FTCA constitutes a waiver of the sovereign immunity of the United States and consent to be sued for certain tort claims.  *Livera v. First Nat'l State Bank of N. J.*, 879 F.2d 1186, 1194 (3d Cir. 1989).  Because the FTCA waives sovereign immunity, the FTCA's limitations and procedural requirements are strictly construed.  *Id.*  In this regard, a plaintiff must satisfy the FTCA's notice requirement by giving the relevant government agency,

here the Department of Health and Human Services ("HHS"), written notice of his or her claim sufficient to enable the agency to investigate and by placing a value on his or her claim. *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982). The Third Circuit has held that "[i]n light of the clear, mandatory language of the statute, and our strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

The Government removed this case to this Court and was substituted as a Defendant on May 9, 2006. Since that time, Plaintiffs have failed to file an administrative claim with HHS. (Bergeron Decl. ¶ 4.) Therefore, the Government moves this Court to dismiss this case for lack of subject matter jurisdiction. Plaintiffs have failed to file any opposition to the Government's motion. This Court concludes that Plaintiffs' failure to file an administrative claim deprives this Court of jurisdiction to hear their case under the FTCA at this time.

For the aforementioned reasons, the Government's motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED, and this matter is DISMISSED.

Dated: June 28, 2006
Newark, New Jersey

                 s/ Harold A. Ackerman
                 U.S.D.J.